WM. PRESTON, ET AL *v.* URBAN STENGEL.

WEBBER & SCHILLINGER *v.* URBAN STENGEL.

JOHN W. BARR *v.* URBAN STENGEL.

[Abstract Kentucky Law Reporter, Vol. 6—451.]

**Pleading as Basis for Judgment.**

It is indispensably necessary to allege in a petition the publication of an ordinance under which plaintiff seeks to recover a claim the

right of which is secured if at all under its provisions and plaintiff can not be permitted to prove a fact not alleged in his petition.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

October 14, 1884.

OPINION BY JUDGE PRYOR:

After a careful reading of the petitions in this record we find no cause of action stated against appellants. That which is indispensable to a recovery has not been alleged, viz: The publication of the ordinance under which these appellees claim the right of recovery.

In the case of *Ormsby v. City of Louisville*, 79 Ky. 197, as well as other cases preceding it, this question has been directly decided.

The publication of the ordinance must be averred as upon this depends the liability of those whose property is sought to be subjected to the payment of appellees claim. Nor do we find this defect cured by the answer and therefore it could not be supplied by an offer to prove the existence of a fact not alleged in the petition.

As to the appellant Barr there is no petition against him in the case upon which a judgment can be maintained. When made a party by a supplemental or amended pleading no judgment was asked or claim asserted against him, and in the amended petition filed on March 2, 1878, which is regarded as presenting a cause of action, it is the first and only pleading filed against Barr upon which a recovery could have been had, and therefore service of process was indispensable. It is however a mere skeleton of a petition and fails to allege such facts as would authorize a judgment by default. There are various other assignments of error made by the appellants and which are not considered by this court but the questions expressly reserved. The case will have to go back by reason of the insufficiency of the pleadings to sustain the judgments as to any of the appellants and no other error has been noticed.

The judgment below is *reversed* as to the appellants and cause remanded for proceedings consistent with this opinion.

*Barrett & Brown, Bijur & Davie, John W. Barr, for appellants. Harrison & McGrain, for appellee.*